**FILED**
CLERK, U.S. DISTRICT COURT

**5/31/2023**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____CD_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 2:23-cr-00270-SPG |
| Plaintiff, | <u>I N D I C T M E N T</u> |
| v. | [21 U.S.C. § 846: Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and Fentanyl; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), (viii), (b)(1)(B)(ii), (vi), (b)(1)(C): Distribution and Possession with Intent to Distribute Methamphetamine, Fentanyl, Cocaine, and MDMA; 18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 922(a)(1)(A): Engaging in the Business of Dealing in Firearms Without a License; 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 18 U.S.C. § 924, 21 U.S.C. § 853, 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| PATRICIA AMELIA LIMON, aka "Trish," JESSE DELGADO, CRISTOBAL AGUILAR, aka "Stalker," RAMON GONZALEZ, JR., JOSE FRANCISCO MARTINEZ HERNANDEZ, GUILLERMO GUERRERO, LAKE DAVIS PASLEY, aka "Chip," and OSVALDO NICOLINI, | |
| Defendants. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

[DEFENDANTS LIMON, DELGADO, GONZALEZ, HERNANDEZ, PASLEY, and NICOLINI]

A.   OBJECTS OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury, and continuing through on or about March 22, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendants PATRICIA AMELIA LIMON, also known as ("aka") "Trish," JESSE DELGADO, RAMON GONZALEZ, JR., JOSE FRANCISCO MARTINEZ HERNANDEZ, LAKE DAVIS PASLEY, aka "Chip," and OSVALDO NICOLINI, conspired with Co-Conspirator 1, who was a Mexican Mafia member housed in Corcoran State Prison ("CC-1"), and Co-Conspirator 2, who was a Mexican Mafia associate housed on death row at Pelican Bay State Prison ("CC-2"), and others known and unknown to the Grand Jury to knowingly and intentionally distribute, and possess with intent to distribute:

(1)  at least 400 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vi);

(2)  at least 50 grams of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii); and

(3)  at least 40 grams of a mixture and substance containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(vi).

1  B.    MANNER AND MEANS OF THE CONSPIRACY

2        The objects of the conspiracy were to be accomplished, in

3  substance, as follows:

4        1.    CC-1 would connect CC-2 with a drug customer in Los Angeles

5  looking to buy methamphetamine or fentanyl.

6        2.    From prison, CC-2 would arrange to sell methamphetamine and

7  fentanyl to a drug customer and would coordinate the date, time, and

8  location of the methamphetamine or fentanyl sales with the customer.

9        3.    Defendants LIMON, DELGADO, GONZALEZ, HERNANDEZ, PASLEY, and

10 NICOLINI would deliver methamphetamine or fentanyl to the drug

11 customer and his associate for CC-2.

12       4.    Defendants LIMON, DELGADO, GONZALEZ, HERNANDEZ, PASLEY, and

13 NICOLINI would collect payment for the drugs on CC-2's behalf from

14 the drug customer's associate.

15       5.    Defendants LIMON, DELGADO, GONZALEZ, HERNANDEZ, PASLEY, and

16 NICOLINI, and CC-1 and CC-2, would communicate via text message and

17 the WhatsApp messaging application to coordinate and discuss drug

18 transactions.

19 C.    OVERT ACTS

20       In furtherance of the conspiracy, and to accomplish its objects,

21 on or about the following dates, defendants LIMON, DELGADO, GONZALEZ,

22 HERNANDEZ, PASLEY, and NICOLINI, along with CC-1, CC-2, and others

23 known and unknown to the Grand Jury, committed various overt acts

24 within the Central District of California and elsewhere, including,

25 but not limited to, the following:

26       Overt Act No. 1:    On October 19, 2022, CC-1 told a person he

27 believed to be a drug broker, but who was, in fact, a confidential

28 source working with law enforcement ("Confidential Source 1"), that

                                    3

he would give Confidential Source 1's number to a drug supplier, who would be in touch regarding supplying pills or methamphetamine.

Overt Act No. 2:    On October 19, 2022, CC-2 contacted Confidential Source 1 and obtained contact information for an individual posing as a potential drug customer who was, in fact, an undercover law enforcement officer ("UC").

Overt Act No. 3:    On October 19, 2022, using coded language, CC-2 called the UC and offered to sell the UC fentanyl pills or methamphetamine.

**October 20, 2022: Sale of 2,159 Grams of Methamphetamine**

Overt Act No. 4:    On October 20, 2022, using coded language, CC-2 offered to sell the UC five pounds of methamphetamine for $4,250 and arranged for the deal to take place at a taco shop near 10930 Garfield Avenue, South Gate, California.

Overt Act No. 5:    On October 20, 2022, using coded language, CC-2 told the UC that his courier was driving a black raised Chevy Silverado.

Overt Act No. 6:    On October 20, 2022, defendant GONZALEZ, driving in a black Chevy Silverado, arrived at the meeting location, met with a person he believed to be the UC's associate, but who was, in fact, a confidential source working with law enforcement ("Confidential Source 2"), and confirmed that the delivery was for five pounds.

Overt Act No. 7:    On October 20, 2022, defendant GONZALEZ gave Confidential Source 2 a bag that contained approximately 2,159 grams of methamphetamine in exchange for $4,250.

4

**October 26, 2022: Sale of 311.2 Grams of Fentanyl**

Overt Act No. 8:   On October 24, 2022, via WhatsApp, using coded language, CC-2 agreed to sell the UC 5,000 rainbow fentanyl pills for $1 a pill, for a total of $5,000.

Overt Act No. 9:   On October 25, 2022, defendant LIMON had a telephone call with the UC, confirmed that she was calling on behalf of CC-2, advised that there would be a delay in delivering the fentanyl, and then initiated a three-way call with CC-2 in which CC-2, defendant LIMON, and the UC discussed the fentanyl deal.

Overt Act No. 10:   On October 26, 2022, via text message, defendant LIMON agreed to complete the fentanyl deal at a Food 4 Less store at 1299 Artesia Boulevard, Gardena, California.

Overt Act No. 11:   On October 26, 2022, via a recorded call, using coded language, defendant LIMON called the UC with defendant PASLEY also on the call, introduced defendant PASLEY as "Chip," and advised that defendant PASLEY would deliver the fentanyl in a black Honda.

Overt Act No. 12:   On October 26, 2022, defendant PASLEY arrived in a black Honda Accord at the meeting location, handed Confidential Source 2 a plastic bag containing approximately 311.2 grams of fentanyl, and accepted $5,000 from Confidential Source 2.

**November 2, 2022: Sale of 547 Grams of Fentanyl**

Overt Act No. 13:   On November 2, 2022, using coded language, CC-2 told the UC that he had 5,000 rainbow fentanyl pills available for sale for $5,300.

Overt Act No. 14:   On November 2, 2022, via text message, defendant LIMON agreed to meet Confidential Source 2 at 2155 Pacific Coast Highway, Lomita, California, for the fentanyl deal.

5

<u>Overt Act No. 15:</u>   On November 2, 2022, defendant LIMON arrived at the meeting location in a black Land Rover, parked next to Confidential Source 2, and handed Confidential Source 2 five bags which contained approximately 547 grams of fentanyl in exchange for $5,300.

**November 17, 2022: Sale of 1,706 Grams of Methamphetamine and 218 Grams of Fentanyl**

<u>Overt Act No. 16:</u>   On November 17, 2022, using coded language, defendant LIMON and CC-2 called the UC to discuss the methamphetamine and fentanyl deal, and CC-2 agreed to sell the UC four pounds of methamphetamine for $800 a pound and 2,000 fentanyl pills for $2,000.

<u>Overt Act No. 17:</u>   On November 17, 2022, via text message and phone, defendant LIMON agreed to meet the UC at a Burger King at 20950 South Figueroa Street, Carson, California, to complete the methamphetamine and fentanyl deal.

<u>Overt Act No. 18:</u>   On November 17, 2022, via text message, defendant LIMON told the UC that she would arrive in a black Mercedes.

<u>Overt Act No. 19:</u>   On November 17, 2022, defendant LIMON arrived at the Burger King in a black Mercedes, gave Confidential Source 2 approximately 1,706 grams of methamphetamine and 218 grams of fentanyl, and accepted $5,200 from Confidential Source 2.

**December 6, 2022: Sale of 224 Grams of Fentanyl and a Firearm**

<u>Overt Act No. 20:</u>   On December 6, 2022, using coded language, CC-2 agreed to sell the UC 2,000 fentanyl pills and a firearm for $3,050, and asked the UC to give $50 to defendant LIMON because defendant LIMON had to pick up the drugs and firearm.

1        <u>Overt Act No. 21:</u>   On December 6, 2022, using coded language,

2   CC-2 agreed to tell defendant LIMON to go to 909 Pacific Coast

3   Highway, Harbor City, California, for the deal.

4        <u>Overt Act No. 22:</u>   On December 6, 2022, defendant LIMON arrived

5   in a black Honda Accord, exited the car, and provided Confidential

6   Source 2 with approximately 224 grams of fentanyl as well as a Ruger

7   model SR45, .45 caliber semi-automatic handgun, bearing serial number

8   380-15305, and collected $3,100 from Confidential Source 2.

9   **January 18, 2023: Sale of 883.9 Grams of Methamphetamine**

10       <u>Overt Act No. 23:</u>   On January 17, 2023, using coded language,

11  CC-2 offered to sell the UC methamphetamine for $800 a pound.

12       <u>Overt Act No. 24:</u>   On January 17, 2023, via text message,

13  defendant DELGADO advised that he was waiting on CC-2 in order to

14  obtain five pounds of methamphetamine to sell to the UC.

15       <u>Overt Act No. 25:</u>   On January 18, 2023, via a recorded call,

16  using coded language, defendant DELGADO confirmed with the UC that

17  CC-2 informed defendant DELGADO about the deal for five pounds of

18  methamphetamine.

19       <u>Overt Act No. 26:</u>   On January 18, 2023, via a recorded call,

20  using coded language, defendant DELGADO, who was unable to obtain the

21  five pounds of methamphetamine, offered to sell the UC two pounds of

22  methamphetamine already in defendant DELGADO's possession for $850 a

23  pound.

24       <u>Overt Act No. 27:</u>   On January 18, 2023, using coded language,

25  CC-2 and the UC confirmed that the UC could move forward with buying

26  the two pounds of methamphetamine from defendant DELGADO.

27       <u>Overt Act No. 28:</u>   On January 18, 2023, defendant DELGADO met

28  with Confidential Source 2 at the alley just west of defendant

DELGADO's apartment, located at 900 West 14th Street, San Pedro, California.

Overt Act No. 29:  Defendant DELGADO provided Confidential Source 2 with approximately 883.9 grams of methamphetamine and collected $1,700 from Confidential Source 2.

**February 4, 2023: Sale of 218.2 Grams of Fentanyl**

Overt Act No. 30:  On February 2, 2023, using coded language, CC-2 agreed to sell the UC fentanyl pills and handguns and indicated that defendant LIMON would handle the deal for both the firearms and drugs.

Overt Act No. 31:  On February 4, 2023, defendant LIMON agreed to sell 2,000 fentanyl pills to the UC and said she would complete the deal at a McDonalds at 1712 Pacific Coast Highway, Lomita, California.

Overt Act No. 32:  On February 4, 2023, defendant LIMON told the UC to give her ten minutes because she had to go "storage" to pick up the fentanyl pills near "Carson Street and Crenshaw."

Overt Act No. 33:  On February 4, 2023, defendant LIMON arrived at the meeting location and handed Confidential Source 2 a bag containing approximately 218.2 grams of fentanyl, and then returned to her car.  Confidential Source 2 said that the UC would not pay CC-2 for the fentanyl until CC-2 had delivered the firearms, and defendant LIMON agreed.

**February 9, 2023: Law Enforcement Recovers Fentanyl from LIMON's Storage Unit**

Overt Act No. 34:  On February 9, 2023, defendant LIMON stored 218 grams of fentanyl and 236.3 grams of 3,4-methylenedioxy methamphetamine ("MDMA") at her storage unit at Public Storage, 1724

8

Crenshaw Boulevard, Torrance, located at the intersection of Carson Street and Crenshaw Boulevard.

**March 9, 2023: Sale of 2,251 Grams of Methamphetamine and 526.6 Grams of Fentanyl**

Overt Act No. 35:  On March 9, 2023, using coded language, CC-2 agreed to sell the UC five pounds of methamphetamine and 5,000 fentanyl pills for $9,000, and provided the UC with contact information for the person supplying the drugs.

Overt Act No. 36:  On March 9, 2023, using coded language, defendant HERNANDEZ said that he would deliver the drugs and provided a meeting location, 7514 Rosecrans Avenue, Paramount, California.

Overt Act No. 37:  On March 9, 2023, after defendant HERNANDEZ arrived at the meeting location in a gray Toyota Corolla, defendant HERNANDEZ handed a bag to Confidential Source 2 that contained approximately 2,251 grams of methamphetamine and 526.6 grams of fentanyl, in exchange for $9,000.

**March 22, 2023: Sale of 212 Grams of Fentanyl**

Overt Act No. 38:  On March 21, 2023, using coded language, CC-2 offered to sell the UC 2,000 fentanyl pills.

Overt Act No. 39:  On March 22, 2023, using coded language, CC-2 confirmed with the UC that the deal would be for 2,000 fentanyl pills and arranged a meeting location, 843 West Pacific Coast Highway, Wilmington, California.

Overt Act No. 40:  On March 22, 2023, defendant NICOLINI arrived at the meeting location, parked next to Confidential Source 2's car, walked over to Confidential Source 2's car, placed a bag containing 212 grams of fentanyl into the car, and collected $2,000 from Confidential Source 2.

1

                            COUNT TWO

2

               [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

3

                         [DEFENDANT GONZALEZ]

4

       On or about October 20, 2022, in Los Angeles County, within the

5

Central District of California, defendant RAMON GONZALEZ. JR.

6

knowingly and intentionally distributed at least 50 grams, that is,

7

approximately 2,159 grams, of methamphetamine, a Schedule II

8

controlled substance.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi); 18 U.S.C. § 2(a)]

[DEFENDANTS LIMON and PASLEY]

On or about October 26, 2022, in Los Angeles County, within the Central District of California, defendants PATRICIA AMELIA LIMON, also known as ("aka") "Trish," and LAKE DAVIS PASLEY, aka "Chip," each aiding and abetting the other, knowingly and intentionally distributed at least 40 grams, that is, approximately 311.2 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

1
2
3
4
5
6
7
8
9
10

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

[DEFENDANT LIMON]

On or about November 2, 2022, in Los Angeles County, within the Central District of California, defendant PATRICIA AMELIA LIMON, also known as "Trish," knowingly and intentionally distributed at least 400 grams, that is, approximately 547 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT LIMON]

On or about November 17, 2022, in Los Angeles County, within the Central District of California, defendant PATRICIA AMELIA LIMON, also known as "Trish," knowingly and intentionally distributed at least 50 grams, that is, approximately 1,706 grams, of methamphetamine, a Schedule II controlled substance.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

[DEFENDANT LIMON]

On or about November 17, 2022, in Los Angeles County, within the Central District of California, defendant PATRICIA AMELIA LIMON, also known as "Trish," knowingly and intentionally distributed at least 40 grams, that is, approximately 218 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT SEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

[DEFENDANT LIMON]

On or about December 6, 2022, in Los Angeles County, within the Central District of California, defendant PATRICIA AMELIA LIMON, also known as "Trish," knowingly and intentionally distributed at least 40 grams, that is, approximately 224 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT EIGHT

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT AGUILAR]

On or about December 14, 2022, in Los Angeles County, within the Central District of California, defendant CRISTOBAL AGUILAR, also known as "Stalker," knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 16.44 kilograms, of methamphetamine, a Schedule II controlled substance.

COUNT NINE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

[DEFENDANT AGUILAR]

On or about December 14, 2022, in Los Angeles County, within the Central District of California, defendant CRISTOBAL AGUILAR, also known as "Stalker," knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 2,465 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenlyethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT TEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii)]

[DEFENDANT AGUILAR]

On or about December 14, 2022, in Los Angeles County, within the Central District of California, defendant CRISTOBAL AGUILAR, also known as "Stalker," knowingly and intentionally possessed with intent to distribute at least 500 grams, that is, approximately 1,786 grams, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT ELEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT DELGADO]

On or about January 18, 2023, in Los Angeles County, within the Central District of California, defendant JESSE DELGADO knowingly and intentionally distributed at least 50 grams, that is, approximately 883.9 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWELVE

[21 U.S.C. § 860(a)]

[DEFENDANT DELGADO]

On or about January 18, 2023, in Los Angeles County, within the Central District of California, defendant JESSE DELGADO knowingly and intentionally distributed approximately 883.9 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), within 1,000 feet of the real property comprising a public school, namely, Dana Middle School, located at 1501 South Cabrillo Avenue, San Pedro, California, and San Pedro High School, located at 1001 West 15th Street, San Pedro, California.

COUNT THIRTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

[DEFENDANT LIMON]

On or about February 4, 2023, in Los Angeles County, within the Central District of California, defendant PATRICIA AMELIA LIMON, also known as "Trish," knowingly and intentionally distributed at least 40 grams, that is, approximately 218.2 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT FOURTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

[DEFENDANT LIMON]

On or about February 9, 2023, in Los Angeles County, within the Central District of California, defendant PATRICIA AMELIA LIMON, also known as "Trish," knowingly and intentionally possessed with the intent to distribute at least 40 grams, that is, approximately 218 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT FIFTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

[DEFENDANT LIMON]

On or about February 9, 2023, in Los Angeles County, within the Central District of California, defendant PATRICIA AMELIA LIMON, also known as "Trish," knowingly and intentionally possessed with the intent to distribute 3,4-methylenedioxy methamphetamine ("MDMA"), a Schedule I controlled substance.

COUNT SIXTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT HERNANDEZ]

On or about March 9, 2023, in Los Angeles County, within the Central District of California, defendant JOSE FRANCISCO MARTINEZ HERNANDEZ knowingly and intentionally distributed at least 50 grams, that is, approximately 2,251 grams, of methamphetamine, a Schedule II controlled substance.

COUNT SEVENTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

[DEFENDANT HERNANDEZ]

On or about March 9, 2023, in Los Angeles County, within the Central District of California, defendant JOSE FRANCISCO MARTINEZ HERNANDEZ knowingly and intentionally possessed with the intent to distribute at least 400 grams, that is, approximately 526.6 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT EIGHTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

[DEFENDANT NICOLINI]

On or about March 22, 2023, in Los Angeles County, within the Central District of California, defendant OSVALDO NICOLINI knowingly and intentionally possessed with the intent to distribute at least 40 grams, that is, approximately 212 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT NINETEEN

[18 U.S.C. § 371]

[DEFENDANTS LIMON AND DELGADO]

A.   INTRODUCTORY ALLEGATION

At times relevant to this Indictment, defendants PATRICIA AMELIA LIMON, also known as "Trish," and JESSE DELGADO, and Co-Conspirator 2, who was a Mexican Mafia associate housed on death row at Pelican Bay State Prison ("CC-2"), did not have a federal firearms license issued by the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and thus were not licensed to import, manufacture, or deal in firearms.

B.   OBJECT OF THE CONSPIRACY

Beginning on an unknown date, but no later than on or about December 6, 2022, and continuing until at least on or about February 28, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendants LIMON and DELGADO, and CC-2, conspired with each other and others known and unknown to the Grand Jury to engage in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A).

C.   MANNER AND MEANS OF THE CONSPIRACY

The object of the conspiracy was to be accomplished, in substance, as follows:

1.   CC-2 would offer to sell firearms to a firearms customer and would coordinate the date, time, and location of the firearms sales with the firearms customer.

2.   Defendants LIMON and DELGADO would deliver the firearms to the firearms customer's associate.

1    3.    Defendants LIMON and DELGADO, and CC-2 communicated with
2  each other using the WhatsApp messaging application regarding
3  firearms sales.
4  D.    OVERT ACTS
5    On or about the following dates, in furtherance of the
6  conspiracy and to accomplish its object, defendants LIMON and
7  DELGADO, along with CC-2, and others known and unknown to the Grand
8  Jury, committed various overt acts within the Central District of
9  California, and elsewhere, including, but not limited to, the
10  following:
11  **December 6, 2022: Sale of 224 Grams of Fentanyl and a Firearm**
12    Overt Act No. 1:    On December 6, 2022, using coded language,
13  CC-2 agreed to sell 2,000 fentanyl pills and a firearm to an
14  individual posing as a firearms customer who was, in fact, an
15  undercover law enforcement officer ("UC"), for $3,050, and asked the
16  UC to give $50 to defendant LIMON because she had to pick up the
17  drugs and firearm.
18    Overt Act No. 2:    On December 6, 2022, using coded language,
19  CC-2 said he would tell defendant LIMON to go to 909 Pacific Coast
20  Highway, Harbor City, California, for the deal.
21    Overt Act No. 3:    On December 6, 2022, defendant LIMON arrived
22  in a black Honda Accord, exited the car, and provided an individual
23  posing as a firearms customer's associate who was, in fact, a
24  confidential source working with law enforcement ("Confidential
25  Source 2") with approximately 224 grams of fentanyl as well as a
26  Ruger model SR45, .45 caliber semi-automatic handgun, bearing serial
27  number 380-15305, and collected $3,100 from Confidential Source 2.
28

28

**January 4, 2023: Sale of a Firearm and Ammunition**

Overt Act No. 4:   On January 3, 2023, CC-2 offered to sell the UC a firearm for $2,000.

Overt Act No. 5:   On January 4, 2023, via text message, using coded language, defendant DELGADO confirmed with the UC that he would deliver the firearm on behalf of CC-2 and agreed to meet at 934 West 14th Street, San Pedro, California.

Overt Act No. 6:   On January 4, 2023, after Confidential Source 2 arrived at the meeting location, defendant DELGADO told Confidential Source 2 to park in the alley just west of 934 West 14th Street, San Pedro, California (the "Alley").

Overt Act No. 7:   On January 4, 2023, defendant DELGADO placed a KE Arms, model KE-15, 5.56 caliber semi-automatic rifle, bearing serial number KF18193, and 60 rounds of Precision Made Cartridges .223 caliber ammunition in Confidential Source 2's car in exchange for $2,000.

**January 10, 2023: Sale of a Firearm and Ammunition**

Overt Act No. 8:   On January 3, 2023, CC-2 offered to sell the UC two handguns and a semi-automatic assault rifle that would be transported to Los Angeles from Arizona.

Overt Act No. 9:   On January 10, 2023, CC-2 agreed to sell the UC four firearms for $5,500 -- $5,200 for the firearms and an additional $300 to transport the guns from Arizona.

Overt Act No. 10:   On January 10, 2023, defendant DELGADO arranged to meet in the Alley for the gun deal.

Overt Act No. 11:   On January 10, 2023, after Confidential Source 2 arrived at the Alley, defendant DELGADO placed the following firearms and ammunition on the floor of the backseat of Confidential

Source 2's car: (1) a Century Arms, model AKMS, 7.62x39mm caliber semi-automatic rifle, bearing serial number KMS12189; (2) two Glock-style, 9mm caliber semi-automatic pistols of unknown manufacturer and bearing no serial number; (3) an AR-15 style, .223 caliber semi-automatic rifle of unknown manufacturer and bearing no serial number; (4) one round of Lake City Ammunition 5.56 caliber ammunition; (5) one round of Winchester .223 caliber ammunition; (6) approximately seven rounds of Armscor .223 caliber ammunition; (7) approximately 21 rounds of Precision Made Cartridges .223 caliber ammunition; (8) approximately 31 rounds of Hyperion 9mm caliber ammunition; (9) approximately 31 rounds of Blazer CCI 9mm caliber ammunition; (10) approximately 20 rounds of Wolf 7.62x39mm ammunition; and (11) approximately 9 rounds of 711 7.62x39mm ammunition.

Overt Act No. 12:   On January 10, 2023, defendant DELGADO collected $5,500 from Confidential Source 2 for the firearms and ammunition.

**February 5, 2023: Sale of Three Firearms**

Overt Act No. 13:   On February 2, 2023, CC-2 agreed to sell the UC four handguns for $4,000.

Overt Act No. 14:   On February 4, 2023, defendant LIMON told the UC that she would deliver the firearms that the UC agreed to purchase.

Overt Act No. 15:   On February 5, 2023, defendant LIMON told the UC that she would meet with the Confidential Source 2 at the same location where she had conducted a fentanyl deal the day before, a McDonald's at 1712 Pacific Coast Highway, Lomita, California.

1     Overt Act No. 16:   On February 5, 2023, CC-2 informed the UC

2 that only three firearms would be delivered and that the price would

3 be $3,000.

4     Overt Act No. 17:   On February 5, 2023, defendant LIMON arrived

5 at the meeting location for the firearms deal with Confidential

6 Source 2 and handed Confidential Source 2 a bag with (1) a Glock,

7 model 21, .45 caliber semi-automatic pistol, bearing serial number

8 AAFR680US, (2) a Beretta, model APX, 9mm caliber semi-automatic

9 pistol bearing, serial number A182066X, and (3) a Taurus model G2C,

10 9mm caliber semi-automatic pistol, bearing serial number ADK786112,

11 in exchange for $5,000, which covered the firearms and fentanyl pills

12 purchased from defendant LIMON on February 4, 2023.

13 **February 13, 2023: Sale of Five Firearms and Ammunition**

14     Overt Act No. 18:   On February 13, 2023, using coded language,

15 CC-2 agreed to sell the UC five firearms for $6,000 that defendant

16 LIMON would deliver.

17     Overt Act No. 19:   On February 13, 2023, defendant LIMON sent

18 the UC photographs of two handguns and an AR-15 style pistol that she

19 would deliver later that day, and a meeting location, a mall at 2665

20 Pacific Coast Highway, Torrance, California.

21     Overt Act No. 20:   On February 13, 2023, defendant LIMON met

22 with Confidential Source 2 at the preset meeting location and placed

23 a bag in Confidential Source 2's trunk containing the following

24 firearms and ammunition: (1) an AR-15 style firearm of unknown

25 manufacturer and bearing no serial number; (2) a Glock-style 9mm

26 caliber firearm of unknown manufacturer and bearing no serial number;

27 (3) a .45 caliber semi-automatic firearm of unknown manufacturer and

28 bearing no serial number; (4) a Glock, model 43, 9mm caliber semi-

automatic pistol, bearing serial number AFDA626; (5) a Glock, model 43X, 9mm caliber semi-automatic pistol, bearing serial number BWWW050; (6) three rounds of CBC Global Ammunition 9mm ammunition; (7) one round of Remington Peters 9mm ammunition; (8) 18 rounds of Blazer (Cascade Cartridges, Inc.) 9mm ammunition; (9) two rounds of MXT (M-90) 9x19mm ammunition; and (10) 30 rounds of Precision Made Cartridges .223 caliber ammunition

Overt Act No. 21:   On February 13, 2023, defendant LIMON collected $6,000 from Confidential Source 2 for the firearms and ammunition.

**February 28, 2023: Sale of 2 Firearms and Ammunition**

Overt Act No. 22:   On February 17, 2023, CC-2 offered to sell the UC two firearms for $3,000.

Overt Act No. 23:   On February 28, 2023, using coded language, CC-2 sent the UC defendant DELGADO's phone number and said that he would have both guns.

Overt Act No. 24:   On February 28, 2023, via text message, defendant DELGADO told the UC to meet at the Alley.

Overt Act No. 25:   On February 28, 2023, defendant DELGADO met with Confidential Source 2 at the Alley and placed the following firearms and ammunition in the backseat of Confidential Source 2's car: (1) a Ruger, model AR-556, 5.56 caliber, semi-automatic rifle, bearing serial number 85089606; (2) a Mossberg, model 590, 12-gauge shotgun, bearing serial number V1340965; (3) six rounds of Federal Cartridge Company 12-gauge ammunition; and (4) 30 rounds of Precision Made Cartridges .223 caliber ammunition.

Overt Act No. 26:   On February 28, 2023, defendant DELGADO collected $3,000 from Confidential Source 2 for the firearms and ammunition.

COUNT TWENTY

[18 U.S.C. §§ 922(a)(1)(A), 2(a)]

[DEFENDANTS LIMON and DELGADO]

Beginning on an unknown date, but no later than on or about December 6, 2022, and continuing until at least on or about February 28, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendants PATRICIA AMELIA LIMON, also known as "Trish," and JESSE DELGADO, not being licensed importers, manufacturers, or dealers of firearms, each aiding and abetting the other, willfully engaged in the business of dealing in firearms, specifically, the sales of the following firearms, on or about the following dates:

| DATE | DEFENDANT(S) | FIREARM(S) |
|------|--------------|------------|
| December 6, 2022 | LIMON | A Ruger model SR45, semi-automatic .45 caliber handgun, bearing serial number 38015305. |
| January 4, 2023 | DELGADO | A KE Arms, model KE-15, 5.56 caliber semi-automatic rifle, bearing serial number KF18193. |
| January 10, 2023 | DELGADO | A Century Arms, model AKMS, 7.62x39mm caliber semi-automatic rifle, bearing serial number KMS12189; A Glock-style, 9mm caliber semi-automatic pistols of unknown manufacturer and bearing no serial number; A Glock-style, 9mm caliber semi-automatic pistols of unknown manufacturer and bearing no serial number; and An AR-15 style, .223 caliber semi-automatic rifle of unknown manufacturer and bearing no serial number. |

34

| DATE | DEFENDANT(S) | FIREARM(S) |
|---|---|---|
| February 5, 2023 | LIMON | A Glock, model 21, .45 caliber semi-automatic pistol, bearing serial number AAFR680US; <br><br> A Beretta, model APX, 9mm caliber semi-automatic pistol, bearing serial number A182066X; and <br><br> A Taurus model G2C, 9mm caliber semi-automatic pistol, bearing serial number ADK786112. |
| February 13, 2023 | LIMON | An AR-15 style firearm of unknown manufacturer and bearing no serial number; <br><br> A Glock-style 9mm caliber firearm of unknown manufacturer and bearing no serial number; <br><br> A .45 caliber semi-automatic firearm of unknown manufacturer and bearing no serial number; <br><br> A Glock, model 43, 9mm caliber semi-automatic pistol, bearing serial number AFDA626; and <br><br> A Glock, model 43X, 9mm caliber semi-automatic pistol, bearing serial number BWWW050. |
| February 28, 2023 | DELGADO | A Ruger, model AR-556, 5.56 caliber, semi-automatic rifle, bearing serial number 85089606; and <br><br> A Mossberg, model 590, 12-gauge shotgun, bearing serial number V1340965. |

1          COUNTS TWENTY-ONE THROUGH TWENTY-THREE

2                 [18 U.S.C. § 922(g)(1)]

3                   [DEFENDANT DELGADO]

4      On or about the following dates, in Los Angeles County, within

5  the Central District of California, defendant JESSE DELGADO knowingly

6  possessed the following firearms and ammunition, each in and

7  affecting interstate and foreign commerce:

| COUNT | DATE | FIREARM(S) AND AMMUNITION |
|---|---|---|
| TWENTY-ONE | January 4, 2023 | A KE Arms, model KE-15, 5.56 caliber semi-automatic rifle, bearing serial number KF18193; and |
| | | 60 rounds of Precision Made Cartridges .223 caliber ammunition. |
| TWENTY-TWO | January 10, 2023 | A Century Arms, model AKMS, 7.62x39mm caliber semi-automatic rifle, bearing serial number KMS12189; |
| | | One round of Lake City Ammunition 5.56 caliber ammunition; |
| | | One round of Winchester .223 caliber ammunition; |
| | | Approximately seven rounds of Armscor .223 caliber ammunition; |
| | | Approximately 21 rounds of Precision Made Cartridges .223 caliber ammunition; |
| | | Approximately 31 rounds of Hyperion 9mm caliber ammunition; |
| | | Approximately 31 rounds of Blazer CCI 9mm caliber ammunition; |
| | | Approximately 20 rounds of Wolf 7.62x39mm ammunition; and |
| | | Approximately nine rounds of 711 7.62x39mm ammunition. |

| COUNT | DATE | FIREARM(S) AND AMMUNITION |
|---|---|---|
| TWENTY-THREE | February 28, 2023 | A Ruger, model AR-556, 5.56 caliber, semi-automatic rifle, bearing serial number 85089606;<br><br>A Mossberg, model 590, 12-gauge shotgun, bearing serial number V1340965;<br><br>Approximately six rounds of Federal Cartridge Company 12-gauge ammunition; and<br><br>Approximately 30 rounds of Precision Made Cartridges .223 caliber ammunition. |

Defendant DELGADO possessed such firearms and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Assault with a Deadly Weapon, in violation of California Penal Code Section 245(a)(2), in the Superior Court for the State of California, County of Los Angeles, Case Number NA037808, on or about December 9, 1998;

2.    Assault with a Deadly Weapon, in violation of California Penal Code Section 245(a)(2), in the Superior Court for the State of California, County of Los Angeles, Case Number NA041471, on or about July 15, 1999;

3.    Felon in Possession of a Firearm, in violation of California Penal Code Section 12021(a)(1), in the Superior Court for the State of California, County of Los Angeles, Case Number NA060495, on or about January 25, 2005;

4.    Carry Loaded Firearm, in violation of California Penal Code Section 12031(a)(1), in the Superior Court for the State of

California, County of Los Angeles, Case Number NA060495, on or about January 25, 2005;

    5.    Contempt, in violation of California Penal Code Section 166(a)(10), in the Superior Court for the State of California, County of Los Angeles, Case Number 4LG04823, on or about July 29, 2014; and

    6.    Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), in the Superior Court for the State of California, County of Los Angeles, Case Number NA103717, on or about August 31, 2017.

1              COUNT TWENTY-FOUR

2            [18 U.S.C. § 922(g)(1)]

3            [DEFENDANT GUERRERO]

4       On or about January 20, 2023, in Los Angeles County, within the

5  Central District of California, defendant GUILLERMO GUERRERO

6  knowingly possessed the following firearm and ammunition, each in and

7  affecting interstate and foreign commerce: (1) a Romarm, Model Mini

8  Draco, 7.62x39mm caliber semi-automatic pistol, bearing serial number

9  PF-2842-2020; (2) approximately five rounds of Norma .223 caliber

10 ammunition; and (3) approximately 14 rounds of Cartridge Works .223

11 caliber ammunition.

12      Defendant GUERRERO possessed such firearms and ammunition

13 knowing that he had previously been convicted of at least one of the

14 following felony crimes, each punishable by a term of imprisonment

15 exceeding one year:

16      1.   Carjacking, in violation of California Penal Code Section

17 215(a), in the Superior Court for the State of California, County of

18 Los Angeles, Case Number BA328246, on or about April 3, 2009;

19      2.   Carjacking, in violation of California Penal Code Section

20 215(a), in the Superior Court for the State of California, County of

21 Los Angeles, Case Number BA328246, on or about April 3, 2009;

22      3.   Robbery, in violation of California Penal Code Section 211,

23 in the Superior Court for the State of California, County of Los

24 Angeles, Case Number BA328246, on or about April 3, 2009;

25      4.   Burglary, in violation of California Penal Code Section

26 459, in the Superior Court for the State of California, County of Los

27 Angeles, Case Number BA328246, on or about April 3, 2009; and

28

39

5.    Assault with a Deadly Weapon, in violation of California Penal Code Section 245(a)(4), in the Superior Court of California, County of Los Angeles, Case Number JCF35877, on or about March 17, 2016.

1          FORFEITURE ALLEGATION ONE

2              [21 U.S.C. § 853]

3      1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal

4  Procedure, notice is hereby given that the United States of America

5  will seek forfeiture as part of any sentence, pursuant to Title 21,

6  United States Code, Section 853 and Title 28, United States Code,

7  Section 2461(c), in the event of any defendant's conviction of the

8  offenses set forth in any of Counts One through Eighteen of this

9  Indictment.

10     2.   Any defendant so convicted shall forfeit to the United

11 States of America the following:

12          (a)  All right, title and interest in any and all property,

13 real or personal, constituting or derived from, any proceeds which

14 the defendant obtained, directly or indirectly, from any such

15 offense;

16          (b)  All right, title and interest in any and all property,

17 real or personal, used, or intended to be used, in any manner or

18 part, to commit, or to facilitate the commission of any such offense;

19 and

20          (c)  To the extent such property is not available for

21 forfeiture, a sum of money equal to the total value of the property

22 described in subparagraphs (a) and (b).

23     3.   Pursuant to Title 21, United States Code, Section 853(p),

24 any defendant so convicted shall forfeit substitute property if, by

25 any act or omission of said defendant, the property described in the

26 preceding paragraph, or any portion thereof: (a) cannot be located

27 upon the exercise of due diligence; (b) has been transferred, sold

28 to, or deposited with a third party; (c) has been placed beyond the

jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

1                       FORFEITURE ALLEGATION TWO

2              [18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

3        1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal

4   Procedure, notice is hereby given that the United States of America

5   will seek forfeiture as part of any sentence, pursuant to Title 18,

6   United States Code, Section 924(d)(1), and Title 28, United States

7   Code, Section 2461(c), in the event of any defendant's conviction of

8   the offenses set forth in any of Counts Twenty through Twenty-Four of

9   this Indictment.

10       2.   Any defendant so convicted shall forfeit to the United

11  States of America the following:

12           (a)   All right, title, and interest in any firearm or

13  ammunition involved in or used in any such offense; and

14           (b)   To the extent such property is not available for

15  forfeiture, a sum of money equal to the total value of the property

16  described in subparagraph (a).

17       3.   Pursuant to Title 21, United States Code, Section 853(p),

18  as incorporated by Title 28, United States Code, Section 2461(c), the

19  convicted defendant shall forfeit substitute property, up to the

20  value of the property described in the preceding paragraph if, as the

21  result of any act or omission of said defendant, the property

22  described in the preceding paragraph or any portion thereof (a)

23  cannot be located upon the exercise of due diligence; (b) has been

24  transferred, sold to, or deposited with a third party; (c) has been

25  placed beyond the jurisdiction of the court; (d) has been

26  //

27  //

28

1  substantially diminished in value; or (e) has been commingled with

2  other property that cannot be divided without difficulty.

3

4                                              A TRUE BILL

5

6                                                  /S/

7                                              Foreperson

8  E. MARTIN ESTRADA
   United States Attorney
9

10

11 MACK E. JENKINS
   Assistant United States Attorney
12 Chief, Criminal Division

13 JEFFREY M. CHEMERINSKY
   Assistant United States Attorney
14 Chief, Violent and Organized
   Crime Section
15
   KEVIN B. REIDY
16 Assistant United States Attorney
   Major Frauds Section
17
   SURIA M. BAHADUE
18 Assistant United States Attorney
   Criminal Appeals Section
19

20

21

22

23

24

25

26

27

28